IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| IN THE MATTER OF | IN PROCEEDINGS UNDER CHAPTER 13 |
|---|---|
| MELVIN COLLINS, | NO. 16-21054 |
| DEBTOR | JUDGE: Thorne |

## NOTICE OF FILING

<u>Notified via Electronic Filing</u>
U.S. Trustee , 219 S Dearborn St, Room 873, Chicago, IL 60604
Marilyn Marshall, 224 South Michigan, Ste 800, Chicago, IL 60604
Elizabeth Placek, The Semrad Law Firm, LLC, 20 South Clark, 28th Floor, Chicago, IL 60603
<u>Notified via US Postal Service</u>
Melvin Collins, 2724 West 94th Street, Evergreen Park, IL 60805

Please take notice that on October 16, 2017 I filed with the Clerk of the United States Bankruptcy Court, 219 S Dearborn, Chicago, IL 60604 the Response to the Debtor's Motion for Determination of Fees Under Federal Bankruptcy Rule 3002.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he/she caused a true and correct copy of the above and foregoing document to be sent to the Debtor at the address listed below. Said copy was placed in an envelope addressed as listed below and placed in the U.S. Mail on October 16, 2017, with first class postage prepaid. All other parties entitled to notice received such notice electronically, through the office of the Clerk of the Court.

Respectfully Submitted,

/s/ Richard B. Aronow
Richard B. Aronow

Mike Kalkowski ARDC #6185654
Richard B. Aronow ARDC# 03123969
Michael N. Burke ARDC#6291435
Shapiro Kreisman & Associates, LLC
2121 Waukegan Road, Suite 301
Bannockburn, IL 60015
(847) 291-1717
Attorneys for Movant
16-080942

**The firm of Shapiro Kreisman & Associates, LLC is a debt collector.  This is an attempt to collect a debt.  Any information may be used for that purpose.  If your personal liability for this debt has been extinguished, discharged in bankruptcy or if a court order prohibits collecting this debt from you personally, then this is an attempt to enforce the Movant's rights with respect to the property addressed herein, and it is not an attempt to collect the debt from you personally.**

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| IN THE MATTER OF | IN PROCEEDINGS UNDER CHAPTER 13 |
|---|---|
| MELVIN COLLINS, | NO. 16-21054 |
| DEBTOR | JUDGE: Thorne |

<u>MIDFIRST BANK'S RESPONSE TO DEBTOR'S MOTION FOR DETERMINATION OF FEES PURSUANT TO FEDERAL BANKRUPTCY RULE 3002.1</u>

NOW COMES MidFirst Bank, by and through its attorneys, Shapiro Kreisman & Associates, LLC, and in response to the Debtor's Motion for Determination of Fees Under Federal Bankruptcy Rule 3002.1, states as follows: states as follows:

1.    The Movant obtained relief from the stay in this case on October 24, 2016.  The order granting that relief also included the following clause:

**"That any claims or stipulations previously filed providing for the payment of current mortgage payments or for the payment of pre-petition mortgage arrearages to MidFirst Bank in connection with the subject real property are withdrawn as to any unpaid portion thereof for purposes of these proceedings only."**

A true and correct copy of that order is attached hereto as an exhibit and incorporated herein, by reference.

2.    The Debtor filed a plan on July 9, 2016.  A true and correct copy of that plan is attached hereto, as an exhibit and incorporated herein, by reference.  That plan included the following provisions:

- Section C of the plan included the following statement:

    **"The debtor will make no direct payments to creditors holding prepetition claims."**

- Section E(2) listed no creditors to whom the Chapter 13 Trustee would make post-petition mortgage payments.

- Section 3.1 listed no creditors whose claims were secured by value in collateral.

- Section E(5) listed no mortgage arrearages to be paid.

3. The Motion for Relief from the Stay was filed on October 13, 2016, in direct response to the Debtor's Original Plan (filed on July 9, 2016) and the Debtor's Modified Chapter 13 plan (filed on September 29, 2016). A true and correct copy of that Modified Chapter 13 Plan is attached hereto as an exhibit and incorporated herein, by reference.

4. The Modified Chapter 13 Plan was confirmed on October 17, 2016, prior to the entry of the order modifying the stay.

5. The Modified Chapter 13 Plan failed to provide for the payment of either pre-petition mortgage arrearages or post-petition mortgage payments to the Movant. The Modified Chapter 13 Plan included the appropriate "check" mark prior to Section A indicating that it contained special provisions in Section G. Section G included the following phrase:

"Debtor will surrender 2724 W. 94th St., Evergreen Park, IL to MidFirst Bank and the U.S. Dept of Housing and Urban Development in full satisfaction of any secured claim."

6. As set forth above, neither the Debtor's Original Plan, nor his Modified Plan provided for the payment of this debt in any manner whatsoever.

7.. The version of Federal Bankruptcy Rule 3002.1(a) that was in effect prior to December 1, 2016 stated:

"This rule applies in a chapter 13 case to claims that are (1) secured by a security interest in the debtor's principal residence, and (2) provided for under §1322(b)(5) of the Code in the debtor's plan."

8 . The version of Federal Bankruptcy Rule 3002.1(a) that has been in effect since December 1. 2016 states that Rule 3002.1 applies only to claims:

"…(1) that are secured by a security interest in the debtor's principal residence, and (2) for which the plan provides that either the trustee or the debtor will make contractual installment payment. Unless the court orders otherwise,

**the notice requirements of this rule cease to apply when an order terminating or annulling the automatic stay becomes effective with respect to the residence that secure the claim."**

9.  As set forth above, at no time (either under the Debtor's Original Plan or under his Modified Plan) did Federal Bankruptcy Rule 3002.1 (either in the version that was in effect prior to December 1, 2016 or in its current version) apply to this loan. Accordingly, the Debtor's attempt to invoke Federal Bankruptcy Rule 3002.1 in this cause is specious and without any legal foundation.

WHEREFORE, MidFirst Bank prays for the entry of an order denying the Debtor's Motion For Determination of Fees and for such further relief as the Court deems appropriate.

Respectfully submitted,
\_\_\_/s/ Richard B. Aronow_____

Attorney for MidFirst Bank
Mike Kalkowski ARDC #6185654
Richard B. Aronow ARDC# 03123969
Michael N. Burke ARDC #6291435
Shapiro Kreisman & Associates, LLC
2121 Waukegan Road, Suite 301
Bannockburn, IL 60015
(847) 291-1717

**The firm of Shapiro Kreisman & Associates, LLC is a debt collector.  This is an attempt to collect a debt.  Any information may be used for that purpose.  If your personal liability for this debt has been extinguished, discharged in bankruptcy or if a court order prohibits collecting this debt from you personally, then this is an attempt to enforce the Movant's rights with respect to the property addressed herein, and it is not an attempt to collect the debt from you personally.**